J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4581
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI BLACKWOOD MUSIC INC.; MOLE MUSIC COMPANY; and JACKABOY SONGS,<br><br>        Plaintiffs,<br><br>    v.<br><br>HILLSIDE LOUNGE INC. d/b/a BERNIE'S; BERNARD WALLACE; and ERIC WALLACE,<br><br>        Defendants. | Civil Action No. 25-704<br><br>**COMPLAINT** |

Plaintiffs Broadcast Music, Inc., EMI Blackwood Music Inc., Mole Music Company, Jackaboy Songs (collectively, "Plaintiffs"), for their Complaint against Defendants Hillside Lounge Inc. d/b/a Bernie's, Bernard Wallace, and Eric Wallace (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rule of Civil Procedure 17(a) and 19(a).

5. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Mole Music Company is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Jackaboy Songs is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Defendant Hillside Lounge Inc. is a corporation organized and existing under the laws of the state of New Jersey that operates, maintains and controls an establishment known as Bernie's (the "Establishment"), located at 125 Hillside Road, Chester, New Jersey 07930, in this district.

9. In connection with the operation of the Establishment, Defendant Hillside Lounge Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

10. Defendant Hillside Lounge Inc. has a direct financial interest in the Establishment.

11. Defendant Bernard Wallace is a member of Defendant Hillside Lounge Inc. with responsibility for the operation and management of that corporation and the Establishment.

12. Defendant Bernard Wallace has the right and ability to supervise the activities of Defendant Hillside Lounge Inc. and a direct financial interest in that corporation and the Establishment.

13. Defendant Eric Wallace is a member of Defendant Hillside Lounge Inc. with responsibility for the operation and management of that corporation and the Establishment.

14. Defendant Eric Wallace has the right and ability to supervise the activities of Defendant Hillside Lounge Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

15. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14.

16. BMI has reached out to Defendants over thirty (30) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

17. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

20. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical

4

composition listed on Line 2.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

23. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: January 23, 2025  　　　　　　　　　s/ J. Brugh Lower  
　　　　Newark, New Jersey  　　　　　　　J. Brugh Lower  
　　　　　　　　　　　　　　　　　　　　**GIBBONS P.C.**  
　　　　　　　　　　　　　　　　　　　　One Gateway Center  
　　　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102  
　　　　　　　　　　　　　　　　　　　　(973) 596-4500  
　　　　　　　　　　　　　　　　　　　　jlower@gibbonslaw.com  

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Evil Woman |
| Line 3 | Writer(s) | Jeff Lynne |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc. |
| Line 5 | Date(s) of Registration | 11/3/75   11/28/75 |
| Line 6 | Registration No(s). | Eu 626204   Ep 352927 |
| Line 7 | Date(s) of Infringement | 10/25/2024 |
| Line 8 | Place of Infringement | Bernie's |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | White Rabbit |
| Line 3 | Writer(s) | Grace Slick |
| Line 4 | Publisher Plaintiff(s) | Grace Slick, an individual d/b/a Mole Music Company |
| Line 5 | Date(s) of Registration | 1/3/94   3/9/67 |
| Line 6 | Registration No(s). | RE 654-120   Ep 228383 |
| Line 7 | Date(s) of Infringement | 10/25/2024 |
| Line 8 | Place of Infringement | Bernie's |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | I Wanna Do Bad Things With You a/k/a Bad Things |
| Line 3 | Writer(s) | Jace Everett |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Jace Everett Beasley, an individual d/b/a Jackaboy Songs |
| Line 5 | Date(s) of Registration | 6/5/06 |
| Line 6 | Registration No(s). | PA 1-164-354 |
| Line 7 | Date(s) of Infringement | 10/25/2024 |
| Line 8 | Place of Infringement | Bernie's |